UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ALMA T. AUGUSTUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 02-2545 (RWR) |
| | ) | |
| FRANCIS J. HARVEY, | ) | |
| Secretary of the Army, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM OPINION AND ORDER

Pro se plaintiff Alma Augustus filed an eleven-count employment discrimination complaint against the United States Army which also alleged various violations of the Constitution, federal statutes, and internal Army regulations and operating procedures.  On September 29, 2004, several of plaintiff's claims were dismissed for want of subject matter jurisdiction. Plaintiff now moves for relief from judgment, and moves for sanctions and to strike several of defendant's filings under Federal Rules of Civil Procedure 60(b), 11, and 12(f), respectively.  Because plaintiff demonstrates no cause to reinstate her dismissed claims, plaintiff's motion for relief from judgment will be denied.  Plaintiff's motion to strike will be denied because plaintiff fails to point to specific, objectionable material in defendant's answer, and Rule 12(f) does not authorize striking non-pleadings.  Finally, because plaintiff's motion for sanctions does not meet the specificity

- 2 -

requirement of Rule 11 and was not filed as a separate motion as the rule requires, the motion will be denied.

BACKGROUND

Plaintiff, an African-American female, filed a complaint and motion for a temporary restraining order alleging that the United States Army engaged in race-based and sex-based employment discrimination by failing to promote her, removing her from duty and retaliating against her for protected whistleblowing activity in violation of the Constitution, federal statutes, and Army regulations.  Plaintiff further contends that the Army failed to disclose records she requested under the Freedom of Information Act, 5 U.S.C. § 552 (2000), violated the Administrative Procedure Act, 5 U.S.C. § 702, and delayed investigating complaints she filed with the National Guard Bureau.  Defendant filed his opposition to plaintiff's motion for a temporary restraining order with several exhibits attached, including a declaration by Colonel Charles Baldwin, a memorandum from the National Guard Bureau, and a memorandum from Lieutenant General Roger Schultz with an accompanying investigative report.

Defendant moved to dismiss plaintiff's complaint pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim on which relief can be granted.  Plaintiff opposed defendant's motion to dismiss and moved for summary judgment.  In a Memorandum Opinion and Order

- 3 -

issued on September 29, 2004, defendant's motion to dismiss was granted in part and denied in part and plaintiff's motion for summary judgment was denied.  Defendant filed an answer on November 30, 2004.  On February 14, 2005, alleging fraud and misconduct, plaintiff filed a motion for relief from the September 29, 2004 Order, and a motion to impose Rule 11 sanctions and to strike defendant's answer, the Baldwin declaration, the memorandum from the National Guard Bureau and the Schultz memorandum.  The defendant opposed plaintiff's motions.

<u>DISCUSSION</u>

I.   PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

Federal Rule of Civil Procedure 60(b)(3) grants district courts discretion to relieve a litigant from a final judgment upon a showing of fraud, misrepresentation, or other misconduct of an adverse party.  Fed. R. Civ. P. 60(b)(3).  In exercising this discretion, a district court "must balance the interest in justice with the interest in protecting the finality of judgments."  <u>Summers v. Howard Univ.</u>, 374 F.3d 1188, 1193 (D.C. Cir. 2004).  A litigant seeking to have a final judgment set aside under Rule 60(b)(3) must prove the fraud or misconduct by clear and convincing evidence.  <u>Shepherd v. ABC</u>, 62 F.3d 1469, 1477 (D.C. Cir. 1995); <u>Am. Cetacean Soc'y v. Smart</u>, 673 F. Supp. 1102, 1105 (D.D.C. 1987).  The party requesting relief must also

- 4 -

show "prejudice," specifically that the alleged misconduct
prevented her from fully and fairly presenting her case.
Summers, 374 F.3d at 1193; 11 Wright, Miller & Kane, Federal
Practice and Procedure: Civil 2d § 2860 (2d ed. 1995).  A motion
for relief from judgment fails if it is "merely an attempt to
relitigate the case or if the court otherwise concludes that
misrepresentation has not been established."  Smart, 673 F. Supp.
at 1105; 11 Wright, Miller & Kane, Federal Practice and
Procedure: Civil 2d § 2860 (2d ed. 1995).

The September 29, 2004 Order was not a final order from
which plaintiff may seek relief under Rule 60(b).  See Fed. R.
Civ. P. 54(b) ("In the absence of [an express] determination and
direction, any order . . . which adjudicates fewer than all the
claims . . . of fewer than all the parties shall not terminate
the action as to any of the claims or parties, and the order
. . . is subject to revision at any time before the entry of
judgment adjudicating all the claims . . . of all the parties.");
James v. Sadler, 909 F.2d 834, 836 (5th Cir. 1990) (holding that
a dismissal order was interlocutory because some defendants
remained parties to the action); Consolidation Coal Co. v. Dep't
of Interior, 43 F. Supp. 2d 857, 862-63 (S.D. Ohio 1999) ("[Rule]
54(b) makes it clear that an order which dismisses fewer than all
claims . . . is . . . a non-final order."); Wanamaker v.
Columbian Rope Co., 907 F. Supp. 522, 526-27 (N.D.N.Y. 1995)

- 5 -

(holding that an order "dismissing some but not all of the
defendants, and dismissing some but not all of plaintiff's
claims, was interlocutory and thus not 'final' for purposes of
Rule 60(b)").   Even if the Order were a final order covered by
Rule 60(b), plaintiff's filings still fail to establish by clear
and convincing evidence any fraud or misconduct on the part of
the defendant.   The very few places in plaintiff's filings that
do allege fraud are wholly conclusory and often unrelated to
plaintiff's ability to fully and fairly present her case.   As an
example, plaintiff states:

> The Defendant's defense is based on fraud upon the
> Court perpetrated through (1) Defendant's fraudulent
> portrayal to the Court that Plaintiff did not exhaust
> administrative remedies.   (2) Defendant's fraudulent
> portrayal to the Court that Plaintiff could have sought
> relief through the ABCMR and the SSB.   (3) Fraudulent
> Declaration of Colonel Charles Baldwin, (4) False
> official statements in Defendants Exhibits Three and
> Four, statements made by Lieutenant General Schultz,
> Major General Jackson and Mr. James Hise (Chief Counsel
> for the NGB).   The Honorable Court, in turn, has relied
> upon the Defendant's fraud, misrepresentations of fact
> and deceit in rendering the Court's decisions in the
> Memorandum Opinion and Order.

(Pl.'s Reply in Supp. of Mot. for Relief from J. at 4.)   These
statements, made without supporting facts or evidence, are
insufficient to meet the burden of proof by clear and convincing
evidence.   Moreover, the vast majority of the assertions in
plaintiff's filings reargue issues previously decided in the
September 29, 2004 Order.   For example, the heading of the second

- 6 -

section of plaintiff's memorandum in support of her motion for
relief from judgment is "The Honorable Court Erred in its Opinion
on Exhaustion."  (Mem. in Supp. of Pl.'s Mot. for Relief from J.
at 13.)  This section of plaintiff's memorandum squarely reargues
the issue of administrative exhaustion that already has been
decided in this case.  (See id. at 13-16.)  Because plaintiff
improperly seeks relief under Rule 60(b) from a non-final order,
and in any event has not established by clear and convincing
evidence fraud or misconduct on the part of the defendant but
simply attempts to relitigate claims that were previously
dismissed, her motion for relief from judgment will be denied.[1]

_____

[1] Plaintiff also makes a passing reference to Federal Rule
of Civil Procedure 60(b)(1) (allowing for relief from judgment in
the case of mistake, inadvertence, surprise, or excusable
neglect) in her memorandum.

> The evidence of record also demonstrates that pursuant
> to FRCP 60(b)(1), mistakes were made by the Court with
> regards to error of facts [sic], which substantially
> affected the validity of the judgment. The evidence of
> record demonstrates that the Defendant perpetrated
> fraud upon the Court when the fraudulent declaration of
> Colonel Charles Baldwin, and false official statements
> by Lieutenant General Schultz, Major General Jackson,
> and Mr. Hise (NGB Chief Counsel) were presented to the
> Court as the Defendant's Exhibits 1,3 and 4.

(Mem. in Supp. of Pl.'s Mot. for Relief from J. at 18.)  Again,
relief from an interlocutory order is not available under Rule
60(b)(1), but even if it were, plaintiff identifies no specific
mistakes or errors of fact, and simply repeats conclusory and
factually unsupported allegations of defendant's fraud.

II.  PLAINTIFF'S MOTION TO STRIKE

    A.   <u>Defendant's answer</u>

    Federal Rule of Civil Procedure 12(f) vests discretion in the trial court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  If a party moves to strike a portion of a pleading from the record, the party must do so "before responding to [the] pleading or, if no responsive pleading is permitted[,] . . . within 20 days after the service of the pleading upon the party."  <u>Id.</u>  As a general rule, courts disfavor motions to strike, <u>Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distributors Pty. Ltd.</u>, 647 F.2d 200, 201 (D.C. Cir. 1981); <u>Nwachukwu v. Rooney</u>, 362 F. Supp. 2d 183, 189-90 (D.D.C. 2005), because striking a pleading is a drastic remedy and is often sought as a dilatory or harassing tactic by the moving party.  5C Wright & Miller, <u>Federal Practice and Procedure: Civil 3d</u> § 1380 (3d ed. 2004).  To be stricken, an allegation must be "so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense."  <u>Id.</u>  When a court considers a motion to strike, all reasonable inferences are drawn in favor of the pleader, and the burden of proof lies with the moving party.  <u>Nwachukwu</u>, 362 F. Supp. 2d at 190.

    The defendant here filed an answer on November 30, 2004. Plaintiff filed her motion to strike the answer on February 14,

- 8 -

2004, more than seventy-six days later, and well after the
deadline imposed by Rule 12(f).  See Schmid v. Roehm GmbH, 544 F.
Supp. 272, 273 (D. Kan. 1982) (denying a motion to strike
affirmative defenses as untimely when filed thirty-eight days
after the answer was filed).  In addition, plaintiff seeks to
strike defendant's entire answer.  However, plaintiff does not
identify any portion of the answer that is objectionable and
offers no rationale for the entire answer to be stricken.  (See
Mem. in Supp. of Pl.'s Mot. to Strike.)  This failure defeats her
effort to overcome usual judicial reluctance to strike any parts
of pleadings.  See 5C Wright & Miller, Federal Practice and
Procedure: Civil 3d § 1380 (3d ed. 2004).  Because plaintiff's
motion to strike the answer is untimely and fails to allege or
demonstrate that defendant's answer contains scandalous or
impertinent material, it will be denied.

    B.   Defendant's exhibits

    Rule 12(f) allows the court to strike only pleadings that
are scandalous and impertinent.  Fed. R. Civ. P. 12(f); see
Pilgrim v. Trs. of Tufts College, 118 F.3d 864, 868 (1st Cir.
1997); Transamerica Leasing, Inc. v. La Republica de Venezuela,
21 F. Supp. 2d 47, 55-56 (D.D.C. 1998); cf. Aftergood v. CIA, 355
F. Supp. 2d 557, 564-65 (D.D.C. 2005) (agreeing that Rule 12(f)
does not apply to declarations and denying a pro se plaintiff's
motion to strike a declaration after considering the merits).

- 9 -

Pleadings include a complaint, an answer, a reply to a counterclaim, an answer to a cross-claim, a third-party complaint, and a third-party answer.  Fed. R. Civ. P. 7(a); <u>see</u> <u>Aftergood</u>, 355 F. Supp. 2d at 565 n.3.  Important factors in considering a motion to strike a reference in a pleading include whether the reference is prejudicial to the movant, and whether it is wholly unrelated to a plaintiff's claims.  5C Wright & Miller, <u>Federal Practice and Procedure: Civil 3d</u> § 1380 (3d ed. 2004).

        Here, plaintiff has moved to strike three exhibits submitted by the defendant in response to plaintiff's request for a temporary restraining order:  the Baldwin declaration, the memorandum from the National Guard Bureau, and the Schultz memorandum with its accompanying investigative report.  (<u>See</u> Mem. in Supp. of Pl.'s Mot. to Strike at 6-16.)  None of these items that plaintiff moves to strike is a pleading.  Moreover, the portions of the declaration objected to by plaintiff are hardly scandalous or impertinent.  For example, plaintiff objects to the statement in the Baldwin declaration that "Lieutenant Colonel Augustus was eligible for a 'unit vacancy' promotion for a period of 10 months in 1998-1999."  (Pl.'s Mem. in Supp. of Mot. to Strike at 9.)  Plaintiff maintains that this statement contradicts her interpretation of the relevant army regulations. (<u>Id.</u>)  At most, plaintiff's objection represents a disagreement

- 10 -

over facts and interpretations of army regulations, disagreements
that are at the heart of her claim.  Because the plaintiff does
not identify any statements that are scandalous or impertinent or
wholly unrelated to her claim, her motion to strike will be
denied.[2]

 C. <u>Rule 11 Sanctions</u>

 In her motion to strike, plaintiff seeks sanctions against
the defendant under Federal Rule of Civil Procedure 11.  (<u>See</u>
Mem. in Supp. of Mot. to Strike at 6-7.)  Plaintiff accuses
defense counsel of "not present[ing] a good-faith argument in the
proceedings," "show[ing] lack of candor by knowingly making
statements of material fact in which they could not have had an
honest belief in their truth," and "[e]ngag[ing] in conduct
involving dishonest[y], fraud, deceit and misrepresentation[.]"
(<u>Id.</u> at 6.)

 Rule 11 provides for sanctions against a party

 if a reasonable inquiry discloses the pleading, motion,
 or paper is (1) not well grounded in fact, (2) not
 warranted by existing law or a good faith argument for

_____

 [2] Plaintiff cites to Federal Rule of Civil Procedure 56(g),
which allows for a party to receive reasonable expenses incurred
due to another party submitting an affidavit made in bad faith in
connection with a motion for summary judgment.  (<u>See</u> Pl.'s Mot.
to Strike at 1; Mem. in Supp. of Pl.'s Mot. to Strike at 6 n.13,
7; Pl.'s Reply in Supp. of Mot. to Strike at 1.)  Defendant's
exhibits, however, were not submitted in connection with a motion
for summary judgment; they were submitted in response to
plaintiff's request for a temporary restraining order on
January 8, 2003.

the extension, modification, or reversal of existing
law, or (3) interposed for any improper purpose such as
harassment or delay.

Westmoreland v. CBS, Inc., 770 F.2d 1168, 1174 (D.C. Cir. 1985);

see Fed. R. Civ. P. 11.  District courts are given great latitude

in determining whether motions are not grounded in fact or have

been made for improper purposes.  Westmoreland, 770 F.2d at 1174.

Rule 11 requires that a motion for sanctions "be made separately

from other motions or requests and shall describe the specific

conduct alleged" to be sanctionable.  Fed. R. Civ. P.

11(c)(1)(A).

　　　Plaintiff's motion fails to comply with two requirements of

Rule 11.  First, Rule 11 requires a motion for sanctions to

describe the specific conduct at issue.  See, e.g., Daniel Rubin,

P.C. v. Kerr, No. 300-CV-1680G, 2001 WL 167965, at *1 (N.D. Tex.

Jan. 18, 2001) (denying motion for sanctions because moving party

failed to point to specific conduct of the other party).  Second,

Rule 11 requires a motion for sanctions to be made separately.

See, e.g., Pannonia Farms, Inc. v. Re/Max Int'l, Civil Action No.

01-1697 (RJL), 2005 WL 670193, at *4 (D.D.C. Mar. 21, 2005)

(denying motion for sanctions because it was not made separate

from other motions); SEC v. Rivlin, Civil Action No. 99-1455

(RCL), 1999 WL 1455758 (D.D.C. Dec. 20, 1999) (same).  In this

case, plaintiff relies solely on broad allegations of misconduct

and included her motion for sanctions in a lengthy motion to

- 12 -

strike submissions of the defendant.  Because plaintiff failed to file her motion separately and meet the specificity requirement of Rule 11, her motion for sanctions will be denied.

CONCLUSION AND ORDER

Plaintiff's motion for relief from judgment prematurely seeks relief from a non-final judgment, does not establish fraud by the defendant, and is largely an attempt to relitigate her previously dismissed claims.  Plaintiff's motion to strike the answer and other filings of the defendant fails to point to specific objectionable material in defendant's answer, and the non-pleadings plaintiff seeks to have stricken cannot be stricken under Rule 12(f).  Finally, plaintiff's request for sanctions does not meet the specificity and separate filing requirements of Rule 11.  Thus, plaintiff's motions will be denied.  Accordingly, it is hereby

ORDERED that plaintiff's motion [42] for relief from judgment be, and hereby is, DENIED.  It is further

ORDERED that plaintiff's motion [43, 44] to strike and to impose sanctions be, and hereby is, DENIED.

SIGNED this 29th day of September, 2005.

/s/
RICHARD W. ROBERTS
United States District Judge