**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
_____
                                )
ALMA T. AUGUSTUS,               )
                                )
          Plaintiff,            )
                                )
          v.                    )   Civil Action No. 02-2545 (RWR)
                                )
JOHN MCHUGH,                    )
Secretary of the Army,          )
                                )
          Defendant.            )
_____ )
```

<u>**MEMORANDUM OPINION**</u>

Pro se plaintiff Alma Augustus asserts a claim under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against the Secretary of the United States Army, arising from the Secretary's redactions of a Report of Investigation ("ROI") concerning a discrimination complaint Augustus filed against three Army employees.[1]  The Secretary renews his motion for summary judgment regarding his assertions of FOIA exemptions 6 and 7(C).  <u>See</u> 5 U.S.C. § 552(b)(6), (7)(C).  Augustus opposes, challenging as inadmissible and incompetent evidence multiple documents contained in the record.  Because much of the evidence Augustus challenges does not bear upon whether the redactions of the ROI were legally permissible, and because the Secretary's arguments supporting the FOIA redactions are unopposed, summary judgment will be entered for the Secretary.

---

[1]  Other claims in this action have been resolved or dismissed.

- 2 -

BACKGROUND[1]

Augustus, an African-American woman, was a Lieutenant
Colonel in the United States Army National Guard Bureau ("NGB")
assigned to active duty as an Automation Officer at the Army
National Guard Readiness Center in Arlington, Virginia.  (Am.
Compl. at 1.)  See Augustus v. McHugh, 825 F. Supp. 2d 245, 248-
49 (D.D.C. 2011).  She alleges that she was unlawfully denied a
promotion and suffered from other unlawful forms of
discrimination and retaliation after she voiced concerns about
the NGB's alleged discriminatory personnel policies and
procedures.  (Am. Compl. at 2-3.)  See Augustus, 825 F. Supp. 2d
at 249.

Augustus asserts that the NGB's discriminatory motives
underlying its failure to promote her were memorialized in an ROI
prepared by Major General Peter Gravett in March of 2001.  (Am.
Compl. at 5 ¶ 7.)  See Augustus, 825 F. Supp. 2d at 249.  She
claims that the ROI "substantiated [her] unlawful gender and race
discrimination" claims and recommended that she be promoted
retroactively to the rank of Colonel.  (Am. Compl. at 5 ¶ 7.)
See Augustus, 825 F. Supp. 2d at 249.  Augustus claims further
that Lieutenant General Roger Schultz and Major General James T.
Jackson approved a separate ROI and deemed Gravett's ROI

---

[1] The background of this case is more fully discussed in an
earlier memorandum opinion issued on September 29, 2004, and in
Augustus v. McHugh, 825 F. Supp. 2d 245 (D.D.C. 2011).

procedurally and substantively flawed and disregarded its recommendations. Augustus, 825 F. Supp. 2d at 249. She asked for an unredacted copy of the Gravett ROI but the NGB provided only a redacted one. (Def.'s Mem. of P. & A. in Supp. of Def.'s Mot. for Summ. J. ("Def.'s Mem.") at 2.) She filed this action seeking, in part, an unredacted copy. The Secretary supplied as a Vaughn index[2] an employee's declaration stating that each redaction was accompanied by a code corresponding to the agency's reasons for withholding the information. Contrary to that description, however, a careful review of the ROI revealed a paucity of coded designations and no basis to conclude that the NGB properly withheld the redacted information under FOIA exemptions 6 and 7(C). Augustus, 825 F. Supp. 2d at 255. Thus, although Augustus's motion for summary judgment and for an unredacted copy of Gravett's ROI was denied without prejudice, the Secretary later filed as directed, id. at 260-61, a redacted copy of Gravett's ROI reflecting more fully the coded designations identified in the Secretary's Vaughn index.

     The Secretary now moves for summary judgment as to Augustus's FOIA claim and his redactions under exemptions 6 and 7(C).

_____

     [2] In Vaughn v. Rosen, 484 F.2d 820, 827 (D.C. Cir. 1973), the D.C. Circuit held that an agency must provide an "itemized explanation" for its withholding documents requested under the FOIA. A filing setting forth those specific justifications is commonly termed a Vaughn index.

- 4 -

DISCUSSION

"'[T]he central purpose of the summary judgment device . . . is to weed out those cases insufficiently meritorious to warrant the expense of a jury trial.'" Moore v. Hartman, 730 F. Supp. 2d 174, 178 (D.D.C. 2010) (quoting Greene v. Dalton, 164 F.3d 671, 675 (D.C. Cir. 1999)).  Summary judgment is proper "when the pleadings and evidence show 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Akers v. Beal Bank, Civil Action No. 09-0724 (RMU), 2012 WL 639287, at *1 (D.D.C. Feb. 29, 2012) (quoting Fed. R. Civ. P. 56(a)).

"'To survive a motion for summary judgment, the party bearing the burden of proof at trial . . . must provide evidence showing that there is a triable issue as to an element essential to that party's claim.'" Etheridge v. FedChoice Fed. Credit Union, 789 F. Supp. 2d 27, 32 (D.D.C. 2011) (quoting Arrington v. United States, 473 F.3d 329, 335 (D.C. Cir. 2006)); accord Moore v. Hartman, 571 F.3d 62, 66 (D.C. Cir. 2009).  The nonmovant must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" LaFavors v. Shinseki, Civil Action No. 10-1755 (RLW), 2012 WL 640878, at *1 (D.D.C. Feb. 29, 2012) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

- 5 -

In considering a summary judgment motion, a court accepts as true the nonmovant's evidence and draws "justifiable inferences . . . in [her] favor." Estate of Parsons v. Palestinian Auth., 651 F.3d 118, 123 (D.C. Cir. 2011). "[I]f the evidence presented on a dispositive issue is subject to conflicting interpretations, or reasonable persons might differ as to its significance, summary judgment is improper." Etheridge, 789 F. Supp. 2d at 32 (quotation marks and citation omitted). "[I]f undisputed facts point unerringly to a single, inevitable conclusion, [however,] summary judgment [is] warranted." Keefe Co. v. Americable Int'l, Inc., 169 F.3d 34, 38 (D.C. Cir. 1999) (quotation marks and citation omitted).

"When ruling on summary judgment, courts need only consider admissible evidence." U.S. Info. Sys., Inc. v. Int'l Bhd. of Elec. Workers Local Union Number 3, No. 00 Civ. 4763, 2006 WL 2136249, at *5 (S.D.N.Y. Aug. 1, 2006) (citing Raskin v. Wyatt Co., 125 F.3d 55, 66 (2d Cir. 1997) ("The principles governing admissibility of evidence do not change on a motion for summary judgment.")). "[C]ourts are free to strike or disregard inadmissible statements in parties' summary judgment submissions." Id. (citing 11 James Wm. Moore et al., Moore's Fed. Practice § 56.14[4][a] (affidavits, deposition testimony, and documents containing inadmissible evidence properly disregarded)).

- 6 -

However, "[i]n a FOIA case, the Court may grant summary judgment based solely on information provided in an agency's affidavits or declarations if they are relatively detailed and when they describe 'the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record [or] by evidence of agency bad faith.'" Thornton-Bey v. Exec. Office for U.S. Attorneys, Civil Action No. 11-773 (JEB), 2012 WL 593546, at *2 (D.D.C. Feb. 24, 2012) (quoting Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981)). "Such affidavits or declarations are accorded 'a presumption of good faith, which cannot be rebutted by "purely speculative claims[.]"'" Id. (quoting SafeCard Servs., Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991)) (additional citation omitted).

I.   ADMISSIBILITY OF CHALLENGED EVIDENCE

Augustus challenges as unauthenticated the Secretary's citations to the first administrative record that was filed but cannot now be located in the Clerk's Office, his citations to "derivative" administrative records filed thereafter, the Gravett ROI the Secretary filed as an attachment to his summary judgment motion, and the declaration that explains each redaction of Gravett's ROI.  The Secretary counters that the administrative

record evidence Augustus challenges relates only to a different claim that has already been resolved, and that his submissions satisfy the summary judgment requirements in a FOIA case.

Here, as is explained below, the Secretary has proffered a declaration detailing the justifications for the redactions in the report she seeks, as well as a copy of that redacted report. Those are the documents that bear upon whether the redactions in the ROI were legally permissible.  Augustus has not challenged those documents with contrary evidence or evidence of agency bad faith.  The declaration is accorded a presumption of good faith and provides an ample basis for deciding the Secretary's motion. In any event, Augustus offers no factual basis to establish that these documents are inauthentic or that the declarant and Gravett could not testify that the submitted copies of their writings are what they purport to be.  See Fed. R. Evid. 901.  These documents are appropriate to consider in connection with the Secretary's motion.

II.  FOIA EXEMPTIONS 6 and 7(C)

Under FOIA, "'a federal agency must disclose agency records unless they may be withheld pursuant to one of the nine enumerated exemptions listed in § 552(b).'"  Clemmons v. U.S. Army Crime Records Ctr., Civil Action No. 05-02353 (RCL), 2007 WL 1020827, at *5 (D.D.C. Mar. 30, 2007) (quoting U.S. Dep't of Justice v. Julian, 486 U.S. 1, 8 (1988)).  "[T]he agency

resisting disclosure bears the burden of persuasion in defending its action." <u>Ctr. for Int'l Envtl. Law v. Office of U.S. Trade Representative</u>, Civil Action No. 01-498 (RWR), 2012 WL 640882, at *3 (D.D.C. Feb. 29, 2012) (citing 5 U.S.C. § 552(a)(4)(B)).  "In order to provide an effective opportunity for the requesting party to challenge the applicability of an exemption and for the court to assess the exemption's validity, '[t]he description and explanation the agency offers should reveal as much detail as possible as to the nature of the document, without actually disclosing information that deserves protection.'" <u>Id.</u> (quoting <u>Oglesby v. U.S. Dep't of Army</u>, 79 F.3d 1172, 1176 (D.C. Cir. 1996)).  While FOIA "'calls for broad disclosure of Government records[,]' . . . courts have construed the exemptions to FOIA very narrowly to allow for a greater dissemination of information." <u>Beattie v. Astrue</u>, Civil Action No. 01-2493 (RWR), 2012 WL 628346, at *7 (D.D.C. Feb. 28, 2012) (quoting <u>CIA v. Sims</u>, 471 U.S. 159, 167 (1985)).  The non-movant nonetheless bears the burden of controverting the movant's asserted justifications "by either contrary evidence in the record [or] by evidence of agency bad faith." <u>Thornton-Bey</u>, 2012 WL 593546, at *2 (quotation marks and citation omitted).

The Secretary invokes FOIA exemptions 6 and 7(C) (Def.'s Mem. at 10-16), which exempt from disclosure (1) "personnel and medical files and similar files the disclosure of which would

constitute a clearly unwarranted invasion of personal privacy;" and (2) "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6), (7)(C).  The Secretary argues that the declaration he filed serves as the <u>Vaughn</u> index for all redacted portions of the Gravett ROI.  (Def.'s Mem. of P. & A. in Supp. of Def.'s Mot. for Summ. J. at 5.)  Specifically, the declaration

> apportioned codes to the redacted
> information, correlated the codes to a
> specific FOIA exemption, and explained that
> the redacted information was comprised of
> names and identifying information of
> witnesses, personal information of the
> Investigating Officer and Panel Members,
> names and identifying information of persons
> against whom the Plaintiff made allegations,
> and names and identifying information of
> third parties, as well as social security
> numbers of these individuals.

(<u>Id.</u> at 6.)

    As is noted above, the declaration enjoys a presumption of good faith which Augustus has not rebutted with contrary evidence in the record or evidence of agency bad faith.  Indeed, despite the February 3, 2012 Order (Dkt. No. 205) warning Augustus that any unanswered arguments may be treated as conceded, her opposition did not challenge the Secretary's proffered justifications under FOIA for having redacted the Gravett ROI.

- 10 -

These arguments will be deemed conceded, and summary judgment
will be entered in favor of the Secretary.   See Iweala v.
Operational Tech. Services, Inc., 634 F. Supp. 2d 73, 80-81
(D.D.C. 2009) (deeming conceded an employer's exhaustion argument
in its motion for summary judgment where the plaintiff failed to
respond to it in her opposition); Franklin v. Potter, 600 F.
Supp. 2d 38, 60 (D.D.C. 2009) (treating defendant's argument in
motion for summary judgment as conceded where plaintiff failed to
address it in his response); see also Fed. Deposit Ins. Corp. v.
Bender, 127 F.3d 58, 67 (D.C. Cir. 1997) (concluding that the
district court did not abuse its discretion in granting a motion
for summary judgment as conceded for the plaintiff's failure to
timely oppose it).

<u>CONCLUSION</u>

There are no material factual disputes regarding the
Secretary's FOIA redactions, and his unopposed arguments entitle
him to judgment as a matter of law.   His motion for summary
judgment will be granted.   A separate order accompanies this
memorandum opinion.

SIGNED this 2nd day of July, 2012.


                              _____/s/_____
                              RICHARD W. ROBERTS
                              United States District Judge